to Brown. See 8 Am. & Eng. Enc. Law (2d Ed.) p. 104. The breach of the covenant was sufficiently established, and knowledge of the existence of the right of way by the plaintiff was no defense.

The claim that this road was a public highway has no foundation whatever in the evidence. It is conveyed in the deed to Brown as a private road. The nonsuit was error, and the judgment thereon must be reversed.

Judgment reversed on the law, and new trial granted, costs to appellant to abide the event. All concur.

---

### MASON et al. v. BLUMSTEIN et al.

(Supreme Court, Appellate Term. March 6, 1900.)

APPEAL—EVIDENCE—SUFFICIENCY.
Where defendant permitted plaintiff to testify that he had been damaged in a certain sum by defendant's breach of contract, it was sufficient to sustain a judgment for plaintiff, though the testimony would not have appeared in the case, had it been objected to.

Appeal from municipal court, borough of Manhattan, Fourth district.

Action by Barnet Mason and others against Louis Blumstein and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

Argued before TRUAX, P. J., and DUGRO and SCOTT, JJ.

H. M. Schaap, for appellants.
H. Kuntz, for respondents.

TRUAX, P. J. With the consent of the defendants, plaintiffs were allowed to state on the trial that they had been damaged $32.50 by the failure of the defendants to perform their contract. If this evidence had been objected to in time, or if defendants had moved to strike it out, it probably would not appear in the case. Appearing in the case, it is sufficient to sustain the judgment.

Judgment affirmed, with costs.

DUGRO, J., concurs. SCOTT, J., not voting.